The next case on our docket is 5-10-177, People of State of Illinois v. Bush. Counsel, ready to proceed? May it please the Court? Counsel. My name is Maggie Heim, and I represent the defendant, Timothy Bush, in this matter. Mr. Bush pled guilty to two counts of attempted murder stemming out of a stabbing at his workplace on January 22, 2004. Now, the lengthy delay and the long procedural history in this case is due in part to the fact that Mr. Bush is severely mentally ill, and he was initially found unfit to stand trial for close to nine months. The present petition complains that plea counsel was ineffective for telling Mr. Bush that he had no defenses available at the time of his guilty plea. In fact, there was an expert report by a Dr. Chapman which specifically found that Mr. Bush was insane on the morning of the incident. Now, at its most basic level, this appeal can be decided based on post-conviction counsel's failure to use this report to support Mr. Bush's claim. This report is good evidence that the insanity defense was, in fact, available, and thus it supported the claim of ineffectiveness. Now, the Post-Conviction Hearing Act and Rule 651C provide that post-conviction counsel has a duty to give reasonable assistance to his or her client. At a minimum, this requires presenting available evidence to support the post-conviction claims. For example, an appellate court has found that the failure to use a report directly relevant to the petition claims is unreasonable assistance. In this case, those minimum requirements did not happen, and the record affirmatively shows that there was a Rule 651C violation. Compliance with Rule 651C is reviewed de novo, and compliance is required without regard to the strength or weakness of the underlying claim. There is no harmless error review if there's a 651C violation. So, in other words, if the defendant can show that there was a Rule 651C violation, the result should be reversal without any further showing of prejudice by the defendant. Is it correct that the filing rule is not one of strict compliance? It requires only substantial compliance. And so, the failure to file a proper affidavit is harmless if the record demonstrates that counsel adequately fulfilled his or her duties, correct? That's correct. So, your argument is that they didn't fulfill them? I think, in this case, we're not talking about an affidavit that was missing from some questionable witness that maybe could or couldn't have been found. We're talking about an expert opinion going directly to the heart of the petitioner's claim. And the failure to use a report like that, that's not some mere formality. You know, that's the heart of what this advocate was meant to do. He was meant to put that claim before the hearing court, and he failed to do that. So, I think, you know, that report can't possibly be considered just, you know, some formality that he should have attached if he thought of it. Dr. Chapman's report as to the insanity defense specifically said, it is my further opinion that on or about January 22nd, 2004, Timothy William Bush suffered a mental disease that caused him to lack substantial capacity to appreciate the criminality of his conduct. So, to me, it's hard to imagine better evidence than an expert opinion that an insanity defense is available. It directly contradicts plea counsel's assertion at the hearing that there was no viable defense available for Mr. Bush. And it indicates that there may have been an expert who was willing to testify in support of an insanity defense on Mr. Bush's behalf. Yet, despite its critical importance and the obvious relevance of this report, it was never used by post-conviction counsel. Never. So, it wasn't attached to the post-conviction petition, and it wasn't argued at the post-conviction hearing. It wasn't even referenced by counsel at the post-conviction hearing. Instead of using this expert opinion to contradict an attorney's assertion about an affirmative defense, he used lay testimony from his client and his client's brother. The failure to present such an easily found and critical report to the hearing court is unreasonable assistance, and as such, I believe it establishes a Rule 651C violation, and the result would need to be reversal. Now, I think the Kluppelberg case has very analogous facts. In Kluppelberg, post-conviction counsel had access to a report which found that the fire in an arson case was accidental. Counsel failed to attach this report to the petition, and the appellate court found that the failure to use such a crucial report amounted to a Rule 651 violation. The result was reversal. Here, the availability of the insanity defense was central to the claim of ineffectiveness, yet PC counsel made no use of an expert report finding that Mr. Bush was insane at the time of the incident. As in Kluppelberg, this court should find that the failure to use such a crucial report establishes the Rule 651 violation. The result should be a reversal and a remand for further pleading in an evidentiary hearing. In fact, I think that in this case, the failure to use this report and to mention it is worse than what happened in Kluppelberg. In Kluppelberg, the attorney attempted to argue the contents of the report. He failed to attach and he failed to attach transcripts, but he did attempt to argue the contents. Here, the attorney made no attempt to mention the contents of the report. This goes beyond a failure to adequately support Mr. Bush's claims, and it creates the possibility for a misapprehension about what the report actually said. For example, the state's motion to dismiss below asserted that the reports of Bolin and Chapman were equivocal as to the insanity defense, but the Chapman report alone is not equivocal. It very clearly supports the availability of the insanity defense. Plead counsel testified that he relied on his expert in making his decisions. Now, the state rightly points out that in context, this quote seems to refer only to the fitness issue. However, the hearing court, when dismissing the petition, more generally states that counsel did what he could, considering that he got all the reports he was supposed to get. This indicates that the hearing court may have been confused as to whether or not defense reports could support either the fitness issue or the insanity issue. But, of course, the Chapman report could have supported it. Post-conviction counsel has a duty to help shape and present his petitioner's claims. A reasonable advocate would have cleared up any possible confusion between the evidence of fitness and the evidence of the insanity defense, which was much stronger. A reasonable advocate would have presented the expert finding on insanity at the hearing to the court that was making the decision. A reasonable advocate would have impeached plea counsel with the report when counsel made the assertion that insanity was not a viable defense. In sum, a reasonable advocate would have used this report. Now, the state argues that there is no Rule 651 violation because the ineffectiveness claim is patently without merit. This argument, which attempts to go to the merits of the underlying claim, is only an attempt to inject harmless error analysis into what should be a Rule 651C analysis. This type of argument was explicitly rejected by the Illinois Supreme Court in Suarez, which is cited in our opening brief. So, again, where the failure to use a crucial report establishes a Rule 651C violation, there can be no harmless error review. Here, post-conviction counsel never used an expert report which directly supported Mr. Bush's claim of constitutional error. And this failure shows that post-conviction counsel did not provide the reasonable assistance required by Rule 651. As a result, the circuit court dismissal should be reversed, and the cause remanded for further proceedings and an evidentiary hearing. Are there no questions? Thank you. Counsel. May it please the Court, Counsel, Jennifer Camden on behalf of the people. The Rule 651C requirement that counsel filed any necessary amendment to the petition was satisfied here by the Rule 604D certificate that he filed instead of a Rule 651C certificate, which states that he has, quote, made any amendments to the motion necessary for adequate presentation of any defects in the proceedings. The appellate court held in a recent case, People v. Kirkpatrick, which is cited in the People's Answer Brief, that this is a sufficient certification where the counsel files a Rule 604D certificate instead of a Rule 651C certificate. Now, the reply brief argues for the first time in this case that counsel failed to support the defendant's claims regarding the insanity defense by attaching the Chapman report. However, this claim is forfeited because it could have been raised in the opening brief and was not. The Chapman report was available to defendant before he filed the opening brief and is shown in the extensive motion practice before this court. It belonged in the record on appeal and defendant could have filed a motion to add it to the record on appeal even then. In fact, as a motion for leave to file a supplemental brief says that he's precluded from raising his current claim in the reply brief, the claim relating to the Chapman report. And so for that reason, the present claim is forfeited under Rule 341. Alternatively, if this court chooses to consider the claim, counsel only had a duty to amend the petition where that amendment could make a claim successful. And here the defendant's claim that he was unaware of the possibility of asserting an insanity defense and that he would not have pled guilty had he known this is explicitly contradicted by the record. And so this claim would have been meritless even if the Chapman report would have been attached. The record in the trial court shows that after Chapman filed his 2004 report, the trial judge spoke extensively with the defendant personally on December 21st, 2004 at a hearing. This was about seven months before his July 2005 plea. So in that hearing, the trial court talked to the defendant about the possibility of asserting the insanity defense and the pros and cons of doing so. And he said that and he told the defendant that the defendant would have an opportunity to consult with counsel about that the next day. So this contradicts the claim in the reply brief at page three that the defendant did not know of the possibility of asserting the insanity defense. Subsequent to that hearing, counsel filed the election of the affirmative defense of insanity. And then prior to the plea, counsel discussed the possibility of asserting the insanity defense with both the defendant and his brother. The defendant testified at the post-conviction evidentiary hearing that he talked to plea counsel about whether to assert the insanity defense. But counsel, and this is defendant talking now, quote, said that it was real slim, the chances were real slim that an insanity defense was real hard to prove. And he did not think he did not advise it. So the defendant testified that on the advice of his brother, he pled guilty after weighing his chances at trial, which would have involved proving by clear and convincing evidence that he lacked the sufficient mental state against the plea offer. The defendant testified at the post-conviction hearing that he didn't want to spend the rest of his life in an insane asylum and that a staff member at the Chester Mental Health also recommended pleading guilty. So the judge found that the defendant pled guilty after rationally weighing the risk of going to trial and rolling the dice on the insanity defense with the benefits of accepting the plea offer. And he had already been determined fit at that time. Oh, and then of course he had, Your Honor, because then the court accepted the plea. Good point. Sorry. I threw you off track. No, it's okay. Fair. It's quite all right. So for these reasons, because the defendant testified that he made a calculated decision to plead guilty on the advice of counsel regarding the insanity defense, and by the way, plea counsel testified that he filed the affirmative defense of insanity because, quote, I thought it was not viable, but it was about the only defense I could think of. And the defendant's post-conviction claim that he didn't know there was a viable insanity defense would have failed even if post-conviction counsel attached the Chapman report. In other words, where the defendant at this post-conviction hearing testified that he knew an insanity defense was possible to assert and, in fact, had already been asserted at the plea before he accepted the plea, there was no duty on the part of post-conviction counsel to amend the post-conviction petition to prove that an insanity defense was possibly viable. The question wasn't whether the insanity defense was possible to assert. It was whether a defendant accurately stated in his petition that he didn't know that fact, but he explicitly contradicted that fact at his testimony at the hearing when he testified that he spoke about it with his counsel and his brother and the psychiatrist at Chester Mental Health. So for these reasons, post-conviction counsel had no duty to amend the petition, and he complied with his Rule 651 duties, and the defendant hasn't rebutted the presumption that has been created by the Rule 604D certificate under Kirkpatrick. I'd like to distinguish the Kleppelberg case. Now, in that case, the post-conviction court denied the defendant's post-conviction petition because the court said that there was no proof that the fire was an accident. And then the reviewing court stated that post-conviction counsel had a duty to have attached proof to the petition that the fire was an accident. In other words, the fact upon which the petition turned was whether there was any proof that the fire was an accident. But in this case, there's no question about whether the defendant possibly could have asserted the defense of insanity. That was understood and accepted by everyone at that hearing. That just wasn't the relevant question here. It's not as though in this case the defendant's claim was denied because there was no proof that he could have asserted an insanity defense. The defendant's claim was denied because the court found that he rationally weighed his chances with that insanity defense and decided to take the plea instead. And so for these reasons and the reasons stated in the people's answer brief and in the various motions and objections filed in this case, we'd respectfully request that this court affirm. And I'd be happy to answer any questions that the court may have. Thank you. Just a few things. So my opponent relies heavily on Kirkpatrick for 604D, raising some sort of presumption that there was compliance in this case. And the certificate in this case was very different from in Kirkpatrick. There the only problem was the title. That was it. It was 604D. It should have said 651C. Here the actual affirmations in the certificate are affirming the wrong things. He's affirming the amended motion. And he's also affirming that he looked through the court file and that he read the sentencing proceeding. I don't think that's enough. There were allegations about fitness, about insanity, and about whether or not the defendant was properly admonished. He needed to at least look at the first appearance, which was ordered by the trial court. And he never said that he read that. If he had read that, he probably would have looked a little harder into the insanity defense. Why shouldn't we consider this waive? This argument waive? Yes. This was very clearly argued in our opening brief that the 604D certificate did not show compliance with 651C and that the record also affirmatively showed that there was a failure to comply, so there was not compliance. That was all in our opening brief, which the state also makes an argument that we've waived any ability to use the report. So our argument is not based solely on the report. I think that's the best evidence. But we brought this up in our opening brief. This is just further evidence that there was a failure to comply in this case. And it's also important that we were not able to rely on that report in the same way until it was made a part of the appellate record. And we brought that up and requested a stipulation from the state. We didn't think this was something we could supplement because the report stated August 6th. The exam was August 3rd. The file date was August 11th. There's no file stamp on the report. We got it from counsel, not from the circuit court, so we attempted to get a stipulation. We view their motion to supplement as that stipulation, but, of course, it came after we'd already filed our opening brief. And even beyond all of that, the state in their response relies on the report and characterizes it. So we, of course, have the ability to reply to their arguments. In fact, they point to the motion to dismiss below where the state asserts that the Bolin and the Chapman reports were at best equivocal as to insanity defense. That's a big claim because the Chapman report by itself is not equivocal, and we have to be able to clarify that in the same way that post-conviction counsel should have clarified it below. Now, many of the other arguments of the state go to this idea that you can look at the merits and say there was no need to amend here because the ineffectiveness claim is without merit. They rely on Johnson and Greer for this proposition that only successful amendments are necessary to comply with Rule 651C. And that's not what Johnson and Greer say, and that's directly in contradiction to what the court said in Suarez, which was subsequent to those cases. So I'd like to just read from Suarez. It says, our analysis does not depend upon whether the pro se or supplemental petitions in this case did or did not contain potentially meritorious issues. Our 651C analysis has been driven not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where post-conviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the act cannot be fully realized. We don't know what counsel said to the defendant after he filed insanity. We don't know if he changed his mind. We don't know what the hearing court would have done if it had had the report presented in the right light by an advocate. And this court is not required to try to make those determinations. Instead, the court only needs to look at was Rule 651 complied with in this case. I think the failure to use this report shows that it was not. And that certificate should not be given any presumption because it's affirming the wrong things. There are no further questions.